THOMAS HAYES *vs.* ANDREW BUZZELL.

*Execution—officer's sale of personal property on.*

If an officer sell on execution the personal property of the execution debtor, at an adjourned sale, without having posted up public notice of the time and place of such sale, forty-eight hours prior thereto, in two or more public places in the town or place of sale, as required by R. S., c. 84, §§ 4 and 5, the sale will be void and the officer a trespasser *ab initio.*

ON REPORT.

TRESPASS for taking and carrying away personal property of the plaintiff, value $76.75.

The defendant justified the taking as a deputy-sheriff, having seized the property as belonging to the plaintiff and sold it by virtue of an execution issued upon a judgment recovered in favor of one Eaton against the plaintiff.

The writ, judgment, and execution and officer's return on the execution were introduced subject to objection.

By the officer's return, it appeared that he seized the property in controversy, on Sept. 22, 1871, and on the 25th same September, gave public notice that he would sell the same at auction at J. B. Eaton's dwelling-house, in Fryeburg, on September 30th, and two o'clock P. M., by posting up public notices of said time and place of sale forty-eight hours before said time of the sale aforesaid, one at the store of E. P. Weston & Co., and the other at the store of John Locke, two public places in said Fryeburg; that pursuant to said notices, on the 30th of said September, at two o'clock P. M., at the dwelling-house of said Eaton, he sold certain articles of personal property to the several buyers, and at the respective prices named. 'Then adjourned for want of bidders to Oct. 5, 1871, at two o'clock P. M. Pursuant to adjournment, met and sold the following goods:' [Here follows a schedule of goods sold, with name of purchaser, and price of each, amounting to $22]. Then the return continues: 'Adjourned to Oct. 10, at two o'clock P. M.' etc. The return makes no mention of any notices of the several adjournments.

The view taken by the court renders any further report of the facts in the case unnecessary.

After the testimony was closed, the case was withdrawn from the jury and reported to the full court to render the proper judgment.

*D. R. Hastings*, for the plaintiff, contended, *inter alia*, that the officer did not follow the provisions of R. S., c. 84, §§ 4, 5, in the sale, and was a tresspasser, *ab initio*, citing *Knight* v. *Hunt*, 48 Maine, 533; *Moore* v. *Penley*, 52 Maine, 162; *Ross* v. *Philbrick*, 39 Maine, 32; and *Muzzey* v. *Cummings*, 34 Maine, 76.

*Seth W. Fife & J. B. Eaton*, for the defendant.

DICKERSON, J. Without considering the other alleged infirmities in the defense, we think that the omission of the officer to give notice of the several adjournments of the sale is fatal. Failing to comply with the requirements of R. S., c. 84, §§ 4, 5, the officer became a trespasser *ab initio*.

*Judgment for plaintiff, for* $76.75.

APPLETON, C. J.; CUTTING, WALTON, and DANFORTH, JJ., concurred.